IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:19-cv-02280

MURL HENDRICKSON IV,

        Plaintiff,

v.

STAPLES THE OFFICE SUPERSTORE, LLC,
a foreign limited liability corporation,

        Defendant.

---

## NOTICE OF REMOVAL

---

Defendant Staples the Office Superstore, LLC ("Staples"), by and through its undersigned counsel, respectfully removes this action to this Court from the District Court for Boulder County, State of Colorado. Removal jurisdiction exists pursuant to 28 U.S.C. § 1331 (federal question) and 1332 (diversity of citizenship; amount in controversy).

### STATE COURT ACTION

1.     On April 26, 2019, Plaintiff Murl Hendrickson IV filed his Verified Complaint and Jury Demand in the District Court for Boulder County, entitled *Murl Hendrickson IV v. Staples the Office Superstore, LLC*, Case No. 2019CV30410.

2.     On July 10, 2019, Plaintiff emailed to Staples' counsel the Civil Cover Sheet, Complaint, and Waiver and Acceptance of Service. Staples' counsel returned the Waiver and

Acceptance of Service on July 11, 2019, and filed an entry of appearance on July 15, 2019.

3. True and correct copies of the following are attached as exhibits hereto: Complaint (Exhibit A); Plaintiff's Civil Case Cover Sheet (Exhibit B); Waiver and Acceptance of Service (Exhibit C); Entry of Appearance (Exhibit D); and Delay Prevention Order (Exhibit E).

4. Pursuant to 28 U.S.C. § 1446(a), Exhibits A through D hereto comprise all of the "process, pleadings, and orders" filed in the state court action.

5. Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is filed within 30 days of Staples' receipt of the Complaint.

## FEDERAL QUESTION

6. In his second cause of action (erroneously titled "Count I"), Plaintiff alleges a claim under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2 ("Federal Claim"), contending that Defendant failed to hire him as a Technology Sales Supervisor because of his religion. (Compl. ¶¶ 46-51.)

7. In his first cause of action, he alleges a claim under the Colorado Anti-Discrimination Act, C.R.S. § 24-34-402 ("State Claim.")  (Compl. ¶¶ 40-45.)

8. This Court has original subject-matter jurisdiction over Plaintiff's Federal Claim and supplemental jurisdiction over the State Claim, pursuant to 28 U.S.C. § 1367, because the State Claim is based on the exact same facts as his Federal Claim.   Therefore, Staples may remove this action pursuant to 28 U.S.C. §§ 1331 (federal question) and 1441 (original jurisdiction), because Plaintiff presents a federal question to be resolved.

## DIVERSITY JURISDICTION

9. This Court also has jurisdiction over this case because the parties are of

completely diverse citizenship.

10. Plaintiff is a resident of Boulder County, Colorado. (Compl. ¶ 1.) As such, Plaintiff is a Colorado citizen.

11. Staples is a limited liability company incorporated in the State of Delaware.

12. For purposes of diversity jurisdiction, a limited liability company's citizenship is the citizenship of each of its members.

13. Staples' sole member is Office Superstore West LLC.

14. Office Superstore West LLC is a limited liability company incorporated in the Commonwealth of Massachusetts.

15. Office Superstore West LLC's sole member is Office Superstore East LLC.

16. Office Superstore East LLC is a limited liability company, incorporated in the State of Delaware.

17. Office Superstore East LLC's sole member is USR Parent Inc.

18. USR Parent Inc. is incorporated in Delaware.

19. USR Parent Inc.'s headquarters and corporate offices are located in Framingham, Massachusetts, which is where it performs most of its executive and administrative functions.

20. Nearly all of the corporate decisions of USR Parent Inc., including operational, executive, administrative, and policymaking decisions are made from Framingham, Massachusetts.

21. USR Parent Inc.'s management and administrative functions are located in Framingham, Massachusetts, including human resources, finance, treasury, legal, payroll, and safety.

22. Therefore, pursuant to 28 U.S.C. § 1332(a)(1), both parties are citizens of

different states.

23. The amount in controversy exceeds the jurisdictional minimum for diversity jurisdiction within the meaning of 28 U.S.C. § 1332(a), as interpreted by *Woodmen of the World Life Ins. Soc'y v. Manganaro*, 342 F.3d 1213, 1217 (10th Cir. 2003) (diversity jurisdiction is proper where it "is not legally certain that the claim is less than the jurisdictional amount").

24. While the Complaint does not contain a numerical damage calculation or prayer, a reasonable person could conclude that Plaintiff is seeking damages in an amount greater than the $75,000 jurisdictional amount.

25. At the time Plaintiff claims he was denied the Technology Sales Supervisor position on August 18, 2018 (Compl. ¶ 35), that position paid $16.46 per hour.

26. Accordingly, as of this date, Plaintiff may seek already nearly $34,000 in lost wages.[1]

27. Should this case go to trial one year after filing, those lost wages alone would total nearly $58,000.[2]

28. Staples' good-faith belief that Plaintiff is seeking damages in excess of $75,000 is based on a reading of the Complaint, including Plaintiff's claims for compensatory damages, punitive damages, pre-judgment interest and attorney's fees. (Compl. at WHEREFORE clause.)

29. Therefore, the amount in controversy exceeds the jurisdictional minimum of $75,000, exclusive of interest and costs, within the meaning of 28 U.S.C. § 1332(a).

30. Accordingly, this lawsuit is one that may be removed to this Court by Staples pursuant to 28 U.S.C. §§ 1441 and 1446, because this Court has original jurisdiction over this

---

[1] $16.46 x 40 hours/week x 51 weeks (August 18, 2018 to August 9, 2019) = $33,578.40.
[2] $16.46 x 40 hours/week x 88 weeks (August 18, 2018 to April 26, 2020) = $57,939.20

matter pursuant to 28 U.S.C. § 1332(a).

## VENUE

31.  Pursuant to 28 U.S.C. §§ 1441(a) and 1446(a), the civil action between the parties, Case No. 2019CV30410, in the District Court for Boulder County, is properly venued in the United States District Court for the District of Colorado.

## STATE COURT TO BE NOTIFIED

32.  In accordance with 28 U.S.C. § 1446(d), copies of this Notice of Removal will be served on Plaintiff's counsel and filed with the District Court for Boulder County.

## CONCLUSION

WHEREFORE, Staples the Office Superstore, LLC respectfully removes this action from the District Court for Boulder County, State of Colorado, to this Court for further proceedings. Respectfully submitted this 9th day of August, 2019.

Staples The Office Superstore, LLC

*s/Michelle L. Gomez*
Michelle L. Gomez, 41542
LITTLER MENDELSON, P.C.
1900 Sixteenth Street, Suite 800
Denver, CO 80202
Telephone: 303.629.6200
E-mail:  mgomez@littler.com

ATTORNEYS FOR DEFENDANT
Staples The Office Superstore, LLC

## CERTIFICATE OF SERVICE

I hereby certify that on this 9th day of August, 2019, a true and correct copy of the above and foregoing **NOTICE OF REMOVAL** was filed with the Clerk of Court using the ECF/CM system, which will send notification of such filing to the following:

Justin A. Dillmore
Dillmore Law LLC
1801 California Street, Suite 2400
Denver, Colorado 80202
Telephone:  720.934.4284
Email: justin@dillmorelaw.com

*s/Patricia Perez*
Patricia Perez, Legal Secretary

FIRMWIDE:165650151.3 078303.1061